UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WILLIE R. WHITE,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA DEPARTMENT OF CORRECTION, SGT. MURPHY, SUPR. CORRECTION OFFICER, YANKTON COMM. WORK CENTER, IN HIS OFFICIAL CAPACITY;<br><br>Defendants. | 4:18-CV-04154-KES<br><br><br>ORDER DISMISSING CASE |

**INTRODUCTION**

Plaintiff, Willie R. White, was an inmate at the Yankton Community Work Center in Yankton, South Dakota. White filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and paid his initial partial filing fee. Docket 1; Docket 8. The court has now screened White's complaint under 28 U.S.C. § 1915A. For the following reasons, the court dismisses White's complaint.

**FACTUAL BACKGROUND**

The facts as White alleges are as follows:

Sargent Murphy told White he was chosen to cut down trees at the Mike Durfee State Prison in Springfield, South Dakota. Docket 1 at 4. White informed Murphy that he had not been cleared by medical and was not chain saw certified. *Id.* Murphy replied that White could go cut down trees or go the

Special Housing Unit. *Id.* White then explained that he has "screws and plates in [his] left femur all the way down to [his] knees." *Id.* Murphy ignored this information and said he did not care. *Id.* Later, a tree fell on White's leg and it knocked screws lose. *Id.* White's leg will require surgery soon. *Id.* White was placed on a walking cane permanently. *Id.*

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *see also Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under

2

28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## DISCUSSION

The Supreme Court has explained that Congress, in passing 42 U.S.C. § 1983, did not abrogate states' Eleventh Amendment immunity from suit in federal court. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 65 (1989) (citations omitted). "Eleventh Amendment immunity extends to states and arms of the state[.]" *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006) (internal quotation marks and citation omitted). An action against a state official in his official capacity is the same as a suit against the State itself. *See Will*, 491 U.S. at 71. "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

White names the South Dakota Department of Corrections and Sargent Murphy in his official capacity. Docket 1 at 2. White's only requested relief is money damages. *Id.* Thus, White's claims are barred by the Eleventh Amendment.

Additionally, White failed to exhaust his administrative remedies before filing his complaint. *Id.* "An inmate must exhaust all available administrative remedies before bringing a § 1983 suit." *Porter v. Sturm*, 781 F.3d 448, 451

3

(8th Cir. 2015) (citing 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014)). The Prison Litigation Reform Act's "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The inmates' subjective belief that there is no point in pursuing the process is immaterial. *Porter*, 781 F.3d at 451 (citing *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002)). Thus, White fails to state a claim upon which relief may be granted, and his claims are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). Thus, it is

ORDERED that White's complaint (Docket 1) is dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

DATED December 28, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
